UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis D. Richardson, | ) | C/A No. 4:09-2954-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bernard McKie, Warden of KCI, | ) | **Report and Recommendation** |
| | ) | |
| Respondent. | ) | |
| | ) | |

The Petitioner, Curtis D. Richardson (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The instant habeas petition challenges Petitioner's conviction in a South Carolina Magistrate Court on May 1, 2008.[2] Petitioner indicates he was tried in his absence and found guilty of eleven (11) counts of "Insufficient Fund Checks." Petitioner received sentences of fifteen (15) to thirty (30) days for each of the offenses. It is unclear whether the sentences were concurrent or consecutive, however, if run consecutively, the period of incarceration would be approximately six and one-half (6 ½) months. (Petition, page 1). Although Petitioner indicates that the sentences were imposed in May of 2008, it appears he is currently serving the sentences challenged in the instant petition.[3]

---

[2] Petitioner lists both the Conway Magistrate Court and the Loris Magistrate Court as having entered the judgment of conviction challenged in the instant petition.

[3] The South Carolina Department of Corrections' website indicates that Petitioner is currently serving a six (6) month sentence for "Fraud Insuff Funds Check," with a projected release date of December 24, 2009. *See* https://sword.doc.state.sc.us/incarceratedInmateSearch.

Petitioner states that he appealed the judgment of conviction to the Horry County Court of Common Pleas.[4] (Petition, page 2). Petitioner further indicates that he filed a post conviction relief (PCR) action in the Horry County Court of Common Pleas on September 28, 2009. (Petition, page 3). Petitioner states both of this appeals are pending at this time. (Petition, pages 2,4).

## Discussion

Petitioner's habeas action under 28 U.S.C. § 2254 should be dismissed because Petitioner has not exhausted his state court remedies. With respect to his conviction and sentence, the Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim to the state's highest court.

---

[4] Petitioner provides the following case numbers for his pending cases in the Horry County Court of Common Pleas: 2009-CP-26-9446; 2009-CP-26-9447; 2009-CP-26-9448; and 2009-CP-26-9449..

3

The burden of proving that a claim has been exhausted lies with the Petitioner." *Id.* at 911 (citations omitted).[5] Because further review by a higher state court of Petitioner's conviction and sentence is currently pending, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"). *See also State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002).

Petitioner clearly indicates that he has two appeals now pending in the Horry County Court of Common Pleas, which relate to the Magistrate Court conviction challenged in the present action. (Petition, pages 2-4). Since the Petitioner has a viable state court remedy which has not yet been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition"). *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993)("[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts"). Therefore, Petitioner's habeas action is subject to summary dismissal.

---

[5] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf.* The Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

December 14, 2009.
Florence, South Carolina