IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis D. Richardson, ) | Civil Action No.: 4:09-cv-02954-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bernard McKie, Warden of KCI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Curtis D. Richardson, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner currently resides in Loris, South Carolina.[1]

This matter is now before the court with the Report and Recommendation [Docket Entry 12] of United States Magistrate Judge Thomas E. Rogers, III[2] filed on December 14, 2009. In his Report, the Magistrate Judge recommended that the court should dismiss Petitioner's habeas action without prejudice and without issuance and service of process upon the respondent.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1] The court notes that at the time Petitioner filed this petition, Petitioner was an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). However, it appears to the court that Petitioner is no longer incarcerated. In his Report, the Magistrate Judge noted that the SCDC's website indicated that Petitioner had a projected release date of December 24, 2009. Report [Docket Entry 12] at 2, n.3. Moreover, on December 3, 2009, Petitioner filed a notice of change of address that was to take effect on December 1, 2009, which listed an address in Loris, South Carolina. It is to that address that the court mailed Petitioner's copy of the Magistrate Judge's Report. Finally, the SCDC's website currently indicates that Petitioner is not incarcerated with the SCDC. *See* https://sword.doc.state.sc.us/incarceratedInmateSearch.

[2] This matter was automatically referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory comm's. notes).

## **Discussion**

The Magistrate Judge filed his Report on December 14, 2009, which recommended summary dismissal of Petitioner's habeas action. The deadline to file objections to the Magistrate Judge's Report was January 4, 2010.[3] However, Petitioner has not filed objections to

---

[3] Specific written objections must be filed within fourteen (14) days of the date of service of the Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).

the Magistrate Judge's Report, thereby waiving his right to *de novo* review by this court.[4] *See Diamond*, 416 F.3d at 315.

Nevertheless, the court has reviewed the petition, Report, and applicable law. After such review, the court finds itself in agreement with the Magistrate Judge's findings. Title 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ." Therefore, "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts. . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). In the case at bar, Petitioner clearly indicates in his petition that he has two appeals now pending in the Horry County Court of Common Pleas that relate to the Magistrate Court conviction challenged in the present action. *See* Petition [Docket Entry 1] at 2-8. Because further review by a higher State court is currently pending, Petitioner has not exhausted his claims for § 2254 purposes. Accordingly, the court agrees with the Magistrate Judge that summary dismissal is appropriate in this case.

## **Conclusion**

The court has thoroughly reviewed the petition, Report, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby adopts as modified the Report and Recommendation of the Magistrate Judge. Petitioner's petition in the above-

---

[4] Neither party has filed objections to the Report. Accordingly, in adopting the Magistrate Judge's Report and Recommendation, the court initially finds that there is no clear error on the face of the record.

captioned case is hereby **DISMISSED** *without prejudice* and without issuance and service of process upon the respondent.

    **IT IS SO ORDERED.**

                                          s/R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

January 7, 2010
Florence, South Carolina